# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 05-20123-01-KHV |
| MICHAEL B. CASEY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On January 8, 2007, the Court sentenced defendant to 63 months in prison consecutive to sentences in Kansas state court. See Judgment In A Criminal Case (Doc. #19). This matter is before the Court on defendant's Motion To Request Jail Credit Nunc Pro Tunc (Doc. #20) filed February 19, 2016. For reasons stated below, the Court dismisses defendant's motion.

When a grand jury indicted defendant in this matter, he was serving a sentence in state prison. For approximately four months on a writ, until this Court sentenced him, defendant was in the custody of the U.S. Marshal Service. Defendant asks the Court to modify his sentence to grant credit toward his federal sentence for the period when he was in the custody of the U.S. Marshal Service (August 8, 2006 through January 9, 2007).

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been

sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions authorize a substantive modification of defendant's sentence at this time. The Director of the Bureau of Prisons has not filed a motion and defendant has not reached 70 years of age. Further, Rules 35 and Rule 36 of the Federal Rules of Criminal Procedure do not authorize a substantive modification of defendant's sentence at this time. See Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court lacks jurisdiction to modify defendant's sentence at this time

In his reply, defendant apparently asks the Court to review the BOP computation of credit. By statute, the BOP must give defendant credit "toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b)(1) (emphasis added). Defendant essentially claims that the BOP is improperly executing his sentence. Such a claim falls within 28 U.S.C. § 2241. See Setser v. United States, 132 S. Ct. 1463, 1473 (2012) (prisoner may raise claim with BOP for federal sentence credit and, if unsuccessful, may seek writ of habeas corpus under Section 2241); Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (challenge to execution of sentence should be brought under Section 2241). A petition brought under Section 2241 "must be filed in the district where the prisoner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Because defendant

is confined in Forrest City, Arkansas, this Court lacks jurisdiction to hear his claim under Section 2241.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion To Request Jail Credit Nunc Pro Tunc (Doc. #20) filed February 19, 2016 be and hereby is **DISMISSED**.

Dated this 29th day of April, 2016 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge

---

[1] In addition, only the Attorney General through the BOP has power to grant sentence credit in the first instance. United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994). Until the Attorney General, through the BOP, makes a credit determination, the matter is not ripe for district court review and the district court lacks jurisdiction. See id. Based on the present record, it appears that defendant has not received a final decision on any such claim. See Quintana-Navarette v. Garcia, 361 F. App'x 951, 953-54 (10th Cir. 2010) (inmate seeking to file § 2241 petition must first seek resolution at multiple levels under Administrative Remedy Program set forth in 28 C.F.R. §§ 542.10-.19); see also Sandefur v. Pugh, 189 F.3d 478, 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) (federal inmate must exhaust administrative remedies before seeking review of complaints relating to aspects of imprisonment such as computation of sentence).